IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DESHAWN STALLSWORTH,

Petitioner,

vs.

D. K. SISTO, Warden, California State
Prison, Solano,

Respondent.

No. 2:07-cv-02466-JKS

ORDER
[Re: Motion at Docket No. 22]

## I.  MOTION

At Docket No. 21 this Court entered judgment granting the Petition of Deshawn

Stallsworth for Relief under 28 U.S.C. § 2254, and ordered the Board of Parole Hearings to hold

a new parole-suitability hearing within 120 days.  At Docket No. 22 Respondent timely filed a

Motion to Alter Judgment under Federal Rule of Civil Procedure Rule 59(e).[1]  Stallsworth has

opposed the motion, and Respondent has replied.

This Court may grant relief under Rule 59(e) under limited circumstances: an intervening

change of controlling authority; new evidence has surfaced; or the previous disposition was

clearly erroneous and, if uncorrected, would work a manifest injustice.[2]

---

[1] In his opposition, Stallsworth contends that the motion, filed more than 10 days after
entry of the judgment, is untimely.  Rule 59 was amended effective December 1, 2009, increasing
the time within which to file a motion under Rule 59 from 10 to 28 days.

[2] *See Circuit City Stores v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389 Orange
Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999); *see generally* 11 Charles Alan
Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed.).

In his Petition, Stallsworth raises five grounds for relief:  (1) the Board's four-year denial of parole violated his plea agreement; (2) the Board impermissibly relied on the nature of the offense; (3) the Board relied upon disciplinary proceedings in violation of the Board's regulations; (4) the Board's insistence upon his becoming a true adherent to the tenets of Alcoholics Anonymous violates his right of religious freedom under the First Amendment; and (5) the Board's instruction to upgrade his occupational skills violated the Board's regulations.

This Court, relying on the decision of the Ninth Circuit in *Hayward v. Marshall*,[3] entered Judgment in favor of Stallsworth.  Shortly after the Judgment was entered in this case, the Supreme Court handed down its decision in *Swarthout v. Cooke*.[4]  In *Cooke*, the Supreme Court effectively overruled the Ninth Circuit authorities relied upon by this Court in rendering its decision.  In his motion, Respondent argues that *Cooke* constitutes an intervening change in controlling authority that effectively forecloses Stallsworth's "some evidence" claim.  This Court agrees.

It is well-established by Supreme Court precedent that there is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence.[5]  That a California prisoner has a liberty interest in parole protected by the procedural safeguards of the Due Process Clause of the Fourteenth Amendment is settled.[6]  Because the only

---

[3] 603 F.3d 546 (9th Cir. 2010) (en banc).

[4] 562 U.S. ---, 131 S. Ct. 859 (2011) (per curiam).

[5] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[6] *Hayward*, 603 F.3d at 561-64, *overruled sub silentio on another point by Cooke, supra*; *see Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010) (per curiam), *overruled sub silentio on another point by Cooke, supra*.

federal right at issue in this case is procedural, the relevant inquiry is whether Stallsworth received due process.[7]  The Constitution only requires that a prisoner be allowed an opportunity to be heard and to be provided with a statement of the reasons why a parole is denied, nothing more.[8]  Stallsworth contends that the decision of the Board was unsupported by some evidence as required by California law.[9]  "[I]t is of no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."[10]  California prisoners are allowed to speak at their parole hearings and to contest the evidence against them, are afforded access to their records in advance, and are notified of the reasons why parole is denied.  That is all that due process requires.[11]  "'Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[12]  Stallsworth has failed to establish a wrong of constitutional magnitude.  Accordingly, Stallsworth's arguments that he is entitled to habeas relief under his second, third and fifth grounds have been effectively foreclosed by *Cooke*.

This Court did not address the merits of Stallsworth's first and fourth grounds in its initial decision.  In his opposition Stallsworth argues that *Cooke* does not foreclose those grounds; thus,

---

[7] *See Cooke*, 131 S. Ct. at 861-62.

[8] *Id*. at 862 (citing *Greenholtz*, 442 U.S. at 16).

[9] *See in re Lawrence*, 190 P.3d 535 (Cal. 2008); *In re Shaputis*, 190 P.3d 573 (Cal. 2008).

[10] *Cooke*, 131 S. Ct. at 863.

[11] *Id.* at 862.

[12] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

Stallsworth contends this Court must now rule on the merits of his first and fourth grounds.  This Court agrees and now addresses those two grounds on the merits.

## II.  MERITS

This Court recited the background of the case and set forth the standard of review in its initial Memorandum Decision,[13] and they are not repeated here.

*Evidentiary Hearing*

In his Petition, Stallsworth requests an evidentiary hearing on the question of his plea agreement.  Stallsworth contends that he has never been provided a copy of the plea agreement, nor has he been provided a copy of the plea colloquy.  The record indicates that although Stallsworth requested an evidentiary hearing in his petition to the California Court of Appeal, he did not make a similar request to the San Diego County Superior Court.  The California Court of Appeal did not address Stallsworth's request for an evidentiary hearing.  Under California procedure, any evidentiary hearing is held in the superior court.  If there is no evidentiary hearing in the superior court, the California Court of Appeal independently reviews the decision of the superior court on the record as properly presented to the superior court.[14]  In this case, Stallsworth failed to request an evidentiary hearing in the San Diego County Superior Court.  Under California's procedure, the California Court of Appeal reviewed Stallsworth's petition to that court strictly on the record as presented to the San Diego County Superior Court, without

---

[13] Docket No. 20.

[14] *See In re Lowe*, 31 Cal. Rptr.3d 1, 11 (Cal. App. 2005); *In re Van Houten*, 10 Cal. Rptr.3d 406, 413 & n.3 (Cal. App. 2003); *In re Smith*, 7 Cal. Rptr.3d 655, 668 (Cal. App. 2003).

holding an evidentiary hearing.  Stallsworth forfeited his right to an evidentiary hearing in the state courts.

Ordinarily, a federal habeas proceeding is decided on the complete state-court record and a federal evidentiary hearing is required only if the trier of fact in the state proceeding has not developed the relevant facts after a full hearing.[15]  Even in that case, however, AEDPA places severe restrictions on holding evidentiary hearings in federal habeas proceedings.

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>     (A) the claim relies on—
>             (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>             (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>     (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[16]

Stallsworth does not satisfy this standard.  Accordingly, Stallsworth's request for an evidentiary hearing is denied.

To the extent that Stallsworth's request is appropriately deemed a request for discovery or to expand the record,[17] it is also denied.  Discovery or expansion of the record in habeas cases is

---

[15] *Townsend v. Sain*, 372 U.S. 293, 312-13, 319 (1963), *overruled on other grounds Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *superceded in part by statute*, 28 U.S.C. 2254(e)(2) (1996).

[16] 28 U.S.C. § 2254(e)(2).

[17] Rules—Section 2254 Cases, Rules 6, 7.

normally made in conjunction with evidentiary hearings.[18]  Stallsworth is not entitled to either

discovery or an expansion of the record for the same reason that he is not entitled to an

evidentiary hearing, i.e., Stallsworth failed to properly develop the record in the state courts.

*Ground 1: Violation of Plea Agreement*

Following the entry of a guilty plea in December 1989, Stallsworth was convicted in the

San Diego County Superior Court of first-degree murder (Cal. Penal Code, § 187).[19]  Stallsworth

was sentenced to an indeterminate prison term of 25 years to life.  Stallsworth contends that by

denying parole for a period of four years, the Board violated his plea agreement.  Stallsworth

raised this argument in his petition to the San Diego Superior Court and in his petition to the

California Court of Appeal.  In rejecting Stallsworth's argument, the California Court of Appeal

found:  "Stallsworth has no support for his claim he has a contractual right to parole."[20]  In

rejecting Stallsworth's argument, the San Diego County Superior Court held:

> [Stallsworth] argues he was deprived of his constitutionally protected
> liberty interest in parole because the Board's decision violated the terms of his
> plea agreement.  However, [Stallsworth] makes no showing of how the denial of
> parole violates the terms of his plea agreement beyond concluding that it amounts
> to a re-trial on the offense.  In making this argument [Stallsworth] seems confused
> about the nature of the parole hearing.  It is not an adjudicative procedure and
> does not affect the terms of his original sentence.  The record of the hearing
> reflects [Stallsworth] should be aware of this fact as the presiding commissioner
> stated:  ". . . this hearing is about suitability . . . We are not retrying your case.  We
> presume you are guilty.  We accept the findings of the court."  (Petition Exhibit
> "A" at 6:11-15.)   Additionally, [Stallsworth] has not attached a copy of his plea

---

[18] *See Harris v. Nelson*, 394 U.S. 286, 300 (1969); Rules—Section 2254 Cases, Rule 6, Advisory Committee Notes (1976), Rule 7, Advisory Committee Notes (1976).

[19] One count of attempted murder in the first degree (Cal. Penal Code, §§ 664, 187(a)) and the allegation of firearm use under Cal. Penal Code, § 12022.5(a) were dismissed.

[20] Docket No. 11-6, p. 3.

agreement from which this court could gauge the propriety of [Stallsworth's] argument.[21]

That a plea agreement is a contract that must be honored by the state is well settled.[22]  In this case, however, Stallsworth reads his "contract" too broadly.  The proper interpretation and effect of the agreement between the State of California and Stallsworth in this case is a matter governed by California contract law.[23]  What Stallsworth received in exchange for his guilty plea was a sentence of 25 years to life, with a *possibility* of parole at some point after he had served his minimum term.  Under California law, there is no guarantee of parole after a specified period of time, only a possibility that a prisoner will be considered for parole and granted parole *only if*, in the exercise of the discretion of the Board applying factors specified by regulations, he or she is found to be suitable for parole.[24]  "A plea agreement violation claim depends upon the actual terms of the agreement, not the subjective understanding of the defendant . . . ."[25]  As was the case before the California courts, the plea colloquy is not included in the record before this Court.  Consequently, as was the case before the California courts, this Court cannot determine the merits of Stallsworth's arguments.  Stallsworth has the burden of establishing his entitlement to habeas relief.  Stallsworth has failed to carry that burden.  Based upon the record before it, this Court cannot say that the decision of either California court upholding the Board's denial of

---

[21] Docket No. 11-3, p. 6.

[22] *See Santobello v. New York*, 404 U.S. 257, 262-63 (1971).

[23] *Ricketts v. Adamson*, 483 U.S. 1, 6 n.3 (1987).

[24] *Cf. In re Lowe*, 31 Cal. Rptr.3d at 13 (holding that when a defendant enters a guilty plea, he has no reasonable expectation regarding the identity of the person or persons who would exercise discretion in evaluating his suitability for parole, or that the person or persons would not change over time, citing *In re Rosenkrantz*, 59 P.3d 174, 193 (Cal. 2002)).

[25] *In re Honesto*, 29 Cal. Rptr.3d 653, 660 (Cal. App. 2005).

parole did not breach Stallsworth's plea agreement was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[26]  Stallsworth is not entitled to relief under his first ground.

*Ground 4: First Amendment*

Relying on *Inouye v. Kemna*,[27] Stallsworth argues that insisting that he become an adherent of Alcoholics Anonymous ("AA") and a true believer as a condition of parole was a coercive imposition of religious beliefs that violated his First Amendment right.  In rejecting Stallsworth's arguments, the San Diego County Superior Court held:

> [. . . .]  The Board also noted that [Stallsworth] was abusing substances at the time of his offense and recommended he engage in therapy and recovery. Specifically, the Board recommended that [Stallsworth] become involved in AA and stated the Board must be convinced AA is truly a part of [Stallsworth's] life, that he understands it.  [Stallsworth] attempts to argue that this admonition by the Board infringes on his first amendment right to religious freedom.  However, the Board goes on to state that part of AA is making amends; making oneself and one's community better.  The Board also suggests there are victim groups [Stallsworth] can become involved with and other opportunities to gain greater insight.  It does not appear from the record that the Board is suggesting [Stallsworth] become a true believer in a religious sense, but rather a philosophical sense, to the teachings of AA.  And only in the context of his overall rehabilitation and for the benefit of coming to terms with his crime and circumstances that lead to [Stallsworth's] incarceration.  The Board does not say that [Stallsworth] should abandon his own religious beliefs, whatever they may be, in fact the Board does not mention religion at all.  [Stallsworth] imputes a religious mandate to the Board's suggestion he become a true believer in AA, but the record does not support that conclusion.  Additionally, the record reflects that

---

[26] 28 U.S.C. § 2254(d).

[27] 504 F.3d 705 (9th Cir. 2007).

[Stallsworth] has been involved in AA in the past, thus his objection to the Board's advice is not only misplaced, but also suspect.[28]

While *Inouye* appears to lend support to Stallsworth's argument, it does not compel the result Stallsworth seeks.  First, *Inouye* is a decision of the Court of Appeals, not the Supreme Court.  Thus, except to the extent that it may be persuasive in determining what law was clearly established by the Supreme Court and whether the state court applied that law unreasonably, *Inouye* is inapposite.[29]  Second, *Inouye* involved the question of qualified immunity in a civil rights action brought under 42 U.S.C. § 1983 by a parolee whose parole was revoked—not a § 2254 federal habeas corpus action.  While, like a § 2254 habeas case, the controlling issue in determining qualified immunity in a § 1983 civil rights action is whether the law is "clearly established," there is a fundamental difference in how the term "clearly established law" is determined.  In determining the question of "clearly established law" in a § 1983 civil rights case, a federal court is not restricted to decisions of the Supreme Court, but may look to decisions of the Courts of Appeal.[30]  On the other hand, in a federal habeas proceeding the law must have been "clearly established" by the Supreme Court.[31]  Suffice it to say that no controlling decision

---

[28] Docket No. 11-3, pp. 7-8 (citations to the record omitted).

[29] *See Pinholster v. Ayers*, 590 F.3d 651, 662 (9th Cir. 2010) (en banc).

[30] *See, e.g., Dunn v. Castro*, 621 F.3d 1196, 1203 (9th Cir. 2010); *Boyd v. Benton County*, 374 F.3d 773, 781 (9th Cir. 2004).

[31] *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

of the Supreme Court, or the Ninth Circuit, supports Stallsworth's position in the context of a proceeding brought under § 2254.

This Court also notes that, even if Stallsworth were correct in his legal position, i.e., that compelling him to attend AA would violate his First Amendment religious freedom right, his claim fails on the facts.  In addition to the fact that, as the San Diego County Superior Court noted, Stallsworth offer his attendance at AA to show he is suitable for parole, but Stallsworth also did not terminate his prior participation in the AA program on religious grounds.  When questioned by the Board about his five-year gap in attendance at AA, Stallsworth responded:  "I stopped going on my own accord.  I got tired of the group as far as too much noise, people not taking it seriously, whatever the case may have been, which may led to me just stopping."[32]

Based upon the record before it, this Court cannot say that the decision of either California court holding the Board's denial of parole did not violate Stallsworth's First Amendment freedom of religion right was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[33]  Stallsworth is not entitled to relief under his fourth ground.

### III.  CONCLUSION and ORDER

Stallsworth is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Motion to Alter Judgment at Docket No. 22 is **GRANTED**.

---

[32] Docket No. 11-6, p. 3.

[33] 28 U.S.C. § 2254(d).

**IT IS FURTHER ORDERED THAT** the request for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Judgment entered at Docket No. 21 is hereby **VACATED**.

**IT IS FURTHER ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[34]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[35]

The Clerk of the Court is directed to enter judgment accordingly.

Dated: March 30, 2011.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[34] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[35] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.